Fuchsberg, J.
(dissenting). However one chooses to characterize the misconduct with which petitioner has been charged, the commission has found, and the record bears it out, that “[the Judge] is an alcoholic” and “his misconduct was stimulated by his drinking”:
Thijs said, it is relevant, that, “[a]part from the criminal law the most recent development in this area has been the formal recognition by Congress and the Legislature of this State that alcoholism is an illness which must be treated as a public health problem (US Code, tit 42, § 4541, subd [a], par [6]; Mental Hygiene Law, § 1.03, subd 13). It has also been recognized as a type of disability (Mental Hygiene Law, § 1.03, subd 3; Disability Benefits-Alcoholism, Ann., 39 ALR Fed 182)” (Matter of Quinn v State Comm. on Judicial Conduct, 54 NY2d 386, 394). Nor is there any reason, in law or medicine, to believe that the framers of the constitutional provision, in this connection, intended to distinguish between alcoholism and other disabling forms of illness.
*285 For these reasons too the insidious recurring effect on many so afflicted, particularly those who, as in this case, have suffered this malady over a long period of time, hardly compels us to honor or be controlled by the petitioner’s view that retirement would be an inappropriate disposition. This seems clear from the fact that the sanctions available to our court expressly and unqualifiedly include mandatory retirement (NY Const, art VI, § 22, subd d; Judiciary Law, § 44, subd 9), a nonstigmatizing disposition.
In my view, compulsory retirement is the disposition that suffices unto this case, and I so vote.
Judges Jasen, Jones, Wachtler, Meyer and Simons concur in Per Curiam opinion; Chief Judge Cooke dissents and votes to reject the determined sanction and censure petitioner in a separate opinion; Judge Fuchsberg' dissents and votes to reject the determined sanction and order that petitioner be retired in another opinion.
Determined sanction accepted, etc.